No. 131

CREAGER v. CREAGER

Ohio Appeals, 2nd Dist., Darke Co.

Decided May 29, 1926

Motion to certify overruled Nov. 9, 1926, 4 Abs. 758.

27.  ACTIONS—Section 11279 GC., relating to the commencement of civil actions does not apply to actions for divorce.

279.  CONFLICT OF JURISDICTION — Where a question of conflict of jurisdiction arises, the court otherwise having jurisdiction would obtain precedence by priority of actual service of the summons upon necessary parties, and by priority of the decree of divorce based on such service.

769.  MINORS—Where a court having jurisdiction enters a valid decree of divorce, the same court also has jurisdiction to make an order fixing the custody of the minor child or children of the parties divorced.

PER CURIAM.

The case presents a question of conflict of jurisdiction.  Kendall G. Creager, on Jan. 12, 1926, brought suit in the Darke Common Pleas for divorce and custody of his minor son.  He was a resident of Darke County and his son resided with him.  On Jan. 6, 1926, Ruth Creager began her action in the Lucas Common Pleas for divorce and alimony and the custody of the child.  Summons was issued on the day the petition was filed, but was not served until Jan. 15, 1926.  In the meantime summons was issued in the Darke county case and served on Ruth Creager, Jan. 13, 1926.

Immediately upon the expiration of six weeks from the date of service in the Darke County case, it was heard and a decree of divorce and custody of the child was granted to Kendall Creager.  In Ruth Creager's answer she pleaded as a bar to the Darke County case the pendency of Lucas county case.  Subsequent to the above action, the case was heard in the Lucas Common Pleas and Ruth Creager was granted the relief sought.  Error was prosecuted by Ruth Creager to the Court of Appeals, which held:

1.  Ruth Creager relies on 12279 GC. which provides, "A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summon to be issued thereon."  Sec. 11231, "Within the meaning of this chapter an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure service if such attempt be followed by service within sixty days."

2.  These sections, however, are limited to civil actions, and do not by their terms apply to cases for divorce, alimony and custody.  Consequently the actions here are not governed by the above sections.

3.  Under the general rule of lis pendens, actual service is recognized as the test for the acquirement of jurisdiction and this would especially be true in divorce actions, in view of 11983 GC., which fixes the date of actual service as the date from which to determine the trial.

4.  In an early case, 9 W. L. B. 271, the courts applied the statutes in reference to the commencement of civil action and in a later case, 56 W. L. B. 212, a contrary view is taken.  However the prior service of summon gave the Darke Common Pleas full jurisdiction.

5. The custody of children is an incident of a divorce case and a court rendering a decree of divorce has the incidental right to award custody. 95 OS. 162.

Judgment affirmed.

(Allread, Ferneding & Kunkle, JJ., concur.)

Attorneys—Earl D. Bloom, Bowling Green, for R. Creager; Martin Murphy, Maumee, for K. Creager.